IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20886
Conference Calendar

_____

TIMOTHY RAY DRIVER,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; ROCHELLE MCKINNEY; KENT RAMSEY; PRISCILLA DALY;
MARSHALL HERKLOTZ; T. GARCIA; BELL, Captain; D. DRECKT;
E. FOX; F. CHERIAN; V. PORTER; J. AGULAR; SIMMONS, Officer;
CERVANTES,

                                        Defendants-Appellees.
                    --------------------
             Appeal from the United States District Court
                 for the Southern District of Texas
                      USDC No. H-96-CV-1895
                    --------------------
                      December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Timothy Ray Driver, Texas prisoner # 663510, appeals the
jury's verdict in favor of the defendants on his Eight Amendment
claims brought pursuant to 42 U.S.C. § 1983.  Driver argues that
the evidence was insufficient to support the jury's verdict.

     Driver has not presented an appealable issue.  "[I]n the
absence of a motion for [judgment as a matter of law], the
sufficiency of the evidence supporting the jury's findings is not
reviewable on appeal.  Federal appellate courts simply do not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

directly review jury verdicts." <u>Coughlin v. Capitol Cement Co.</u>, 571 F.2d 290, 297 (5th Cir. 1978). Driver did not move for judgment as a matter of law in the district court at the close of his case or at the close of the evidence. <u>See Serna v. City of San Antonio</u>, 244 F.3d 479, 481 (5th Cir. 2001) ("To properly preserve review of a jury's verdict based on the sufficiency of the evidence, a party must move for judgment as a matter of law after the close of all the evidence."), <u>cert. denied</u>, 70 U.S.L.W. 3092 (U.S. Oct. 9, 2001) (No. 01-196). Moreover, because he did not file a second notice of appeal after the denial of his new trial motion, he has appealed only the judgment in favor of the defendants, not the district court's denial of his new trial motion. <u>See</u> Fed. R. Civ. P. 4(a)(4)(B)(ii). Driver has therefore not presented an issue for this court to review.

This appeal is without arguable merit and is thus frivolous. <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because it is frivolous it is DISMISSED. 5th Cir. R. 42.2.

APPEAL DISMISSED.